**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Salvatore P. Marasco, | ) | No. CV-12-01750-PHX-FJM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Arizona Board of Regents et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The court has before it defendants' motion to dismiss (doc. 8), plaintiff's response (doc. 11), and defendants' reply (doc. 12).

Plaintiff filed this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., alleging that he has suffered ongoing discrimination as an employee of Arizona State University ("ASU") since January 2011 through at least April 2012.[1]  In his complaint, plaintiff alleges that his supervisor referred to him using a derogatory name for Italians, that he reported the conduct to human resources on several occasions, and that instead of stopping the discrimination, ASU  transferred him to another department. Complaint ¶¶ 8-15.  Defendants move to dismiss for lack of subject matter jurisdiction and for failure to state a claim.

---

[1] Plaintiff voluntarily dismisses ASU and his claim for punitive damages.  <u>See</u> Plaintiff's Response at 4.

1    Defendants argue that this court does not have subject matter jurisdiction over
2    plaintiff's claims because he did not timely exhaust his administrative remedies with the
3    Equal Employment Opportunity Commission ("EEOC").  Defendants' argument confuses
4    an affirmative defense with subject matter jurisdiction.  Although some cases discuss the
5    Title VII exhaustion requirement as jurisdictional, see, e.g.,  Vasquez v. County of Los
6    Angeles, 349 F.3d 634, 644 (9th Cir. 2003), the Supreme Court has stated that "filing a
7    timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in
8    federal court, but a requirement that, like a statute of limitations, is subject to waiver,
9    estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102
10   S. Ct. 1127, 1132 (1982).  While an untimely claim may be barred, untimeliness does not
11   deprive this court of subject matter jurisdiction.  See generally, Reed Elsevier, Inc. v.
12   Muchnick, 559 U.S. 154, 130 S. Ct. 1237, 1244 (2010); Arbaugh v. Y & H Corp., 546 U.S.
13   500, 511, S. Ct. 1235, 1242 (2006).

14   Nevertheless, in order to survive dismissal, plaintiff must have exhausted his
15   administrative remedies by filing a timely charge with the EEOC.  42 U.S.C. § 2000e–5.
16   Title VII requires plaintiffs raising claims of discrete discriminatory or retaliatory acts to file
17   a charge with the EEOC either 180 or 300 days after the "alleged unlawful employment
18   practice occurred." National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110, 122 S. Ct.
19   2061, 2071 (2002).  "[D]iscrete discriminatory acts are not actionable if time barred, even
20   when they are related to acts alleged in timely filed charges." Id. at 113, 122 S. Ct. at 2072.
21   On the other hand, a hostile work environment claim will not be time barred as long as one
22   of the acts constituting the claim falls within the filing period. Id. at 116-117, S. Ct. at 2074.
23   Provided that an act contributing to the claim occurs within the timely filing period, we may
24   consider the entire time period of the hostile work environment for purposes of determining
25   liability. Id. To establish that a hostile environment claim exists plaintiff must show that:
26   (1) he was subjected to verbal or physical conduct because of his national origin; (2) the
27   conduct was unwelcome; and (3) it was sufficiently severe or pervasive to alter the
28

conditions of his employment.  <u>Kang v. U. Lim Am. Inc.</u>, 296 F.3d 810, 817 (9th Cir. 2002).

Plaintiff filed a charge with the EEOC on April 30, 2012.  Defendant argues that plaintiff's claims fail because the alleged actions that occurred before March 2011 are time barred, and because he fails to plead sufficient facts to support a claim of discrimination after July 2011.   Plaintiff's claims are barred to the extent they are based on discrete discriminatory acts that occurred before July 5, 2011, 300 days before plaintiff filed his charge with the EEOC. Plaintiff argues that his claims are valid because defendants' actions created a hostile work environment which continued until he filed his charge with the EEOC. However, plaintiff's complaint does not contain allegations of any specific discriminatory conduct occurring after March 2011.  Plaintiff's broad allegation that discrimination against him continued through April 2012 is a legal conclusion that does not satisfy the pleading standard of *Twombly* and *Iqbal*.  The complaint will be dismissed for failure to state a claim. But because plaintiff may be able to plead sufficient facts within the 300 day window, we will allow leave to amend.

**IT IS THEREFORE ORDERED GRANTING** defendant's motion to dismiss without prejudice (doc. 8).  Plaintiff may file an amended complaint within twenty days of the docketing of this order.

DATED this 1st day of May, 2013.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge