**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Salvatore P. Marasco, | No. CV-12-01750-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Arizona Board of Regents et al., | |
| Defendants. | |

This action involves a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. On May 2, 2013 we dismissed plaintiff's complaint because he did not plead sufficient facts to demonstrate that he exhausted his administrative remedies by filing a timely charge with the Equal Employment Opportunity Commission ("EEOC") (doc. 14). Plaintiff filed an amended complaint on May 22, 2013 (doc. 18). We now have before us defendants' motion to dismiss the amended complaint (doc. 23), plaintiff's response (doc. 29), and defendants' reply (doc. 30).

Plaintiff's amended complaint contains the following new allegations: (1) at least four human resources representatives continually failed to address complaints about plaintiff's supervisor's derogatory comments; (2) in July 2011, and on multiple occasions thereafter, plaintiff's new supervisor, targeted and belittled plaintiff by using the slur "Dego" to refer negatively to Italians; (3) Arizona State University ("ASU") retaliated against plaintiff by not

giving him any raises or promotions after he was transferred to a new department; (4) ASU retaliated against plaintiff by refusing to consider his application for multiple new positions that have become available at ASU after July 5, 2011. Defendants move to dismiss the amended complaint on the grounds that plaintiff failed to exhaust his administrative remedies, or in the alternative, that he does not state a claim upon which relief may be granted.

**I**

Before a plaintiff may bring a Title VII claim in district court, he must first exhaust his administrative remedies by filing a timely charge with the EEOC. 42 U.S.C. § 2000e–16(c); B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1099 (9th Cir. 2002). The purpose of Title VII is "to provide an opportunity to reach a voluntary settlement of an employment discrimination dispute." Blank v. Donovan, 780 F.2d 808, 809 (9th Cir. 1986). The exhaustion requirement "serves the important purposes of giving the charged party notice of the claim and narrowing the issues for prompt adjudication and decision." B.K.B., 276 F.3d at 1099 (brackets and quotation marks omitted). "EEOC charges must be construed with utmost liberality since they are made by those unschooled in the technicalities of formal pleading." Sosa v. Hiraoka, 920 F.2d 1451, 1458 (9th Cir. 1990) (citation omitted). Therefore, we may consider as exhausted "any charges of discrimination that are 'like or reasonably related to' the allegations made before the EEOC, as well as charges that are within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations." Leong v. Potter, 347 F.3d 1117, 1122 (9th Cir. 2003). When determining whether an allegation not specified in the charge is exhausted, we consider factors such as "the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." B.K.B., 276 F.3d at 1100.

Defendants contend that plaintiff failed to exhaust his administrative remedies because the charge he submitted to the EEOC did not assert the specific retaliation and discrimination claims alleged in his amended complaint. We disagree. Plaintiff's EEOC charge alleges that

1 he was discriminated against based on his national origin, but does not mark retaliation as
2 a theory of discrimination.  However, to determine whether the allegations in plaintiff's
3 complaint are "like or reasonably related to the allegations of the EEOC charge," we must
4 look to the statement of facts.  Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 636
5 (9th Cir. 2002) (quotation omitted).  In the EEOC charge, plaintiff claims that in January
6 2011 his supervisor at ASU began calling him a "guinea," which is a derogatory term to
7 describe Italians, and that he was shortly thereafter transferred to a new department where
8 he was assigned work that would adversely impact his future promotions.  See Doc. 23, Ex.
9 1.  Construing plaintiff's charge liberally,  retaliation by ASU is within the scope of an
10 investigation that reasonably could be expected to grow out of the allegations.  Moreover,
11 plaintiff  told the EEOC investigator with whom he met to discuss his claim, that on several
12 occasions he complained to the human resources department at ASU and specifically asked
13 whether his ethnicity was a factor in his transfer to a new department.  See Doc. 23, Ex. 2.
14 Plaintiff also told the EEOC investigator that he felt unable to further his career at ASU.  Id.
15 These statements could reasonably be interpreted as alleging retaliatory actions by his
16 employer.  It is reasonable that an EEOC investigation would have encompassed plaintiff's
17 complaints to human resources and potential retaliation against plaintiff for reporting
18 discrimination in the work place.  Therefore, plaintiff fulfilled the exhaustion requirement
19 in connection with the new allegations about his complaints to human resources and
20 retaliation.[1]  See Vasquez v. Cnty. of Los Angeles, 349 F.3d 634, 645 (9th Cir. 2003)
21 (finding exhaustion because "[w]hile the EEOC charge does not contain the relevant legal
22 theory of retaliation, it does contain the relevant factual allegations.").

23        Based on the factors listed in B.K.B., plaintiff's allegations about the derogatory
24 remarks Dale Hess made are also reasonably related to the allegations plaintiff made in the

---

[1] However, any claims that plaintiff was denied job interviews for discriminatory and retaliatory reasons after the EEOC closed its investigation on May 17, 2012 have not been exhausted because those allegations would not have been within the scope of the EEOC investigation.

- 3 -

1  charge he submitted to the EEOC. The alleged basis of the discrimination – national origin
2  – is the same. The time period of the discriminatory acts plaintiff discussed with the EEOC
3  largely overlaps the time period of the derogatory remarks alleged in the amended complaint.
4  See Amended Complaint ¶ 23. Although plaintiff's amended complaint names an individual
5  who was not specifically named in the EEOC charge, the general location at which the
6  alleged discrimination took place, as alleged in the administrative complaint, appears to be
7  the same as the location alleged in the amended complaint. Therefore, the allegations against
8  Dale Hess are "consistent with the plaintiff's original theory of the case." B.K.B., 276 F.3d
9  at 1100.

10  "The absence of a perfect 'fit' between the administrative charge and the judicial
11  complaint is [. . .] not fatal to judicial review if the policies of promoting conciliation and
12  avoiding bypass of the administrative process have been served." Ong v. Cleland, 642 F.2d
13  316, 319 (9th Cir. 1981). Plaintiff did not attempt to bypass the administrative process. His
14  administrative complaint was sufficiently detailed to notify ASU of his allegations and afford
15  it an opportunity to pursue settlement. The additional details in the amended complaint relate
16  to matters that either fell within the scope of the EEOC's actual investigation or an EEOC
17  investigation that could reasonably be expected to grow out of the charge of discrimination.
18  The new allegations are reasonably related to the allegations contained in the EEOC charge.
19  Therefore, plaintiff did not fail to exhaust his administrative remedies with respect to claims
20  under Title VII involving retaliation and discrimination that took place before the EEOC
21  investigation closed.

**II**

23  Defendants next contend that plaintiff fails to state a hostile work environment claim
24  upon which relief may be granted. On a motion to dismiss under Fed. R. Civ. P. 12(b)(6),
25  all allegations of material fact are assumed to be true and construed in the light most
26  favorable to the nonmoving party. Cousins v. Lockyer, 568 F.3d 1063, 1067 (9th Cir. 2009).
27  To avoid dismissal, a complaint must contain "only enough facts to state a claim for relief
28  that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955,

1  167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual
2  content that allows the court to draw the reasonable inference that the defendant is liable for
3  the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d
4  868 (2009).  To establish that a hostile environment claim based on national origin exists,
5  plaintiff must show that: (1) he was subjected to verbal or physical conduct because of his
6  national origin; (2) the conduct was unwelcome; and (3) it was sufficiently severe or
7  pervasive to alter the conditions of his employment. Kang v. U. Lim Am. Inc., 296 F.3d 810,
8  817 (9th Cir. 2002).  In determining whether a work environment is "sufficiently hostile or
9  abusive to violate Title VII," the Court considers "the frequency of the discriminatory
10 conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive
11 utterance; and whether it unreasonably interferes with an employee's work performance."
12 Little v. Windermere Relocation, Inc., 301 F.3d 958, 966 (9th Cir. 2002) (quotation omitted).
13        Plaintiff has pled sufficient facts to establish a prima facie case for hostile work
14 environment.  Plaintiff's amended complaint specifically alleges that he was called
15 derogatory names because of his Italian origin.  See Amended Complaint ¶¶ 7-8, 23.
16 Plaintiff's allegations that he told his supervisor to stop calling him the derogatory names,
17 and that he reported the supervisor's conduct to human resources show that his supervisor's
18 comments were unwelcome.  See Amended Complaint ¶¶ 11, 13-16.  Taken as true,
19 plaintiff's allegations also show that the discriminatory conduct was sufficiently pervasive
20 to alter the conditions of his employment.  We agree that allegations of isolated comments
21 are insufficient to establish a hostile work environment claim. See e.g. Kortan v. California
22 Youth Auth., 217 F.3d 1104, 106-07 (9th Cir. 2000).  But here, plaintiff alleges that he was
23 personally called derogatory names used for Italians on multiple occasions throughout his
24 employment with ASU.  He further alleges that instead of stopping that conduct, ASU
25 transferred him to a different department, "which was designed to preclude him from
26
27 ...
28 ...

obtaining higher pay [in the] future." See Amended Complaint ¶ 12.  Therefore, plaintiff's claim for hostile work environment based on national origin is plausible on its face.

**IT IS ORDERED DENYING** defendants' motion to dismiss (doc. 23).

DATED this 8th day of August, 2013.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge